IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Petr Mikhaylovich Meltser,<br>      Petitioner,<br>vs.<br>Katrina Kane,<br>      Respondent. | No. CV 08-2126-PHX-MHM (ECV)<br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

On November 18, 2008, Petitioner Petr Mikhaylovich Meltser filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials are holding him in detention pending his removal from the United States to Ukraine, but that his removal is not reasonably foreseeable. Doc. #1. Petitioner seeks an immediate release under supervision on the grounds that his indefinite detention is not authorized by law because there is no prospect that he will be removed in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months). In an order filed on January 20, 2009, the District Judge reviewed the petition and directed Respondent to file an answer. Doc. #3.

1 On February 11, 2009, Respondent filed a Suggestion of Mootness in which she 2 asserts that Petitioner was released under an Order of Supervision on December 31, 2008. 3 Doc. #7. In the filing, Respondent provides a copy of the Release Notification and Order of 4 Supervision establishing that Petitioner was released from custody on that date. Doc. #7. 5 Because Respondent's evidence demonstrates that Petitioner has obtained the relief he sought 6 in his petition, this action is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 7 1991) (alien's habeas petition challenging the length of his detention pending deportation 8 was rendered moot when petitioner was released from custody and reparoled into the United 9 States). The court will therefore recommend that the Petition for Writ of Habeas Corpus be 10 dismissed.

11 **IT IS THEREFORE RECOMMENDED:**

12 That Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be **DISMISSED** 13 without prejudice.

14 This recommendation is not an order that is immediately appealable to the Ninth 15 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of 16 Appellate Procedure, should not be filed until entry of the district court's judgment. The 17 parties shall have ten days from the date of service of a copy of this recommendation within 18 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. 19 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a 20 response to the objections. Failure to timely file objections to the Magistrate Judge's Report 21 and Recommendation may result in the acceptance of the Report and Recommendation by 22 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 23 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the 24 Magistrate Judge will be considered a waiver of a party's right to appellate review of the

25 ///
26 ///
27 ///
28

1 findings of fact in an order of judgment entered pursuant to the Magistrate Judge's
2 recommendation.  See Fed. R. Civ. P. 72.
3      DATED this 17th day of February, 2009.

                                     Edward C. Voss
                                   United States Magistrate Judge